# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLENN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | Case No. 1:23-cv-00459-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DOE DEFENDANTS<br><br>(ECF No. 10) |

Plaintiff Steven Ranae Glenn Candler is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 19, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

While Plaintiff was standing in the medical line window at Wasco State Prison, an inmate got in front of Plaintiff and when Plaintiff proceeded to advise officers of the incident, an unidentified officer screamed for Plaintiff to shut "the fuck up." The officer continued to yell expletives at Plaintiff and he was handcuffed. The officer then rammed Plaintiff's head into the wall multiple times while yelling expletives. As Plaintiff was escorted within the facility, the officer continued to ram Plaintiff into the wall and concrete floor while threatening Plaintiff.

///

///

After being sentenced in the Visalia County Court, an officer placed Plaintiff in a holding cell with four other inmates who attacked him because Plaintiff was supposed to be housed in protective custody.

## III.

## DISCUSSION

### A. Unrelated Claims

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

As with Plaintiff's original complaint, he presents separate claims against different Defendants based on different events occurring at different times and at different institutions. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d at 607.

### B. Failure Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832 . In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Plaintiff fails to state a plausible claim for relief under the Eighth Amendment. Assuming as this Court must that Plaintiff was "to be placed in protective custody," he fails to allege any facts to show that the Doe Defendants with "deliberate indifference" to either his safety when he was housed in general population. There are no facts that each of the Doe Defendants had knowledge of the housing requirement and acted despite such knowledge. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "[T]he prison official must not only [be alleged to] 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also [be alleged to have] draw[n] the inference.' " Id. at 1057 (quoting Farmer, 511 U.S. at 837). And while Plaintiff invokes the legal term "failure to protect", pleadings like his which offer only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (citation omitted). Instead, Plaintiff must include "factual content that allows the court to draw the reasonable inference" that each individual Defendant he seeks to sue knew he faced a substantial risk of danger, and yet chose to ignore it. Id.; Farmer, 511 U.S. at 847; see also Figueroa v. Clark, No. 1:19-CV-00968-BAM PC, 2020 WL 4700806, at *7 (E.D. Cal. Aug. 13, 2020) (in the absence of physical injury, a prisoner's generalized fear of attack, violence, or intimidation at the hands of fellow prisoners is insufficient to sustain a plausible Eighth Amendment claim). He has not. Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

///

///

**C.      Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).  In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

In the Eighth Amendment context, the Ninth Circuit has held that mere threats of bodily injury by guards against an inmate fail to state a cause of action. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").  To state an Eighth Amendment claim involving a threat by a prison official, the Plaintiff must allege circumstances that demonstrate a verbal threat of deadly force accompanied by the intent to carry out that threat or, in other words, an objective or subjective substantial risk of harm. See Oliver v. Noll,  No. C 09-3840 RMW (PR), 2012 WL 2055033, at *2-3 (N.D. Cal. June 5, 2012) (citing cases); Parker v. Asher, 701 F. Supp 192, 195 (D. Nev. 1988) (concluding that an allegation of verbal threats and aiming a loaded taser gun at an inmate states a cognizable claim of cruel and unusual punishment); Northington v. Jackson, 973 F.2d 1518, 1522-24 (10th Cir. 1992) (reversing dismissal of section 1983 action where state actor "put a revolver to [plaintiff's] head without identifying himself as a corrections officer, [and] threatened to kill him).

Liberally construed, Plaintiff states a cognizable claim for excessive force against the unidentified correctional officer at Wasco State Prison. However, unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants, and the burden is on Plaintiff to discover the identity of the Doe Defendant.

### D.  Leave to Amend

Given that Plaintiff has not and cannot legally state a cognizable due process claim based on the failure to hold the disciplinary hearing within thirty days and/or for failure to adequately process his inmate grievance. Plaintiff's allegations do not give rise to a constitutional violation and he cannot seek relief by way of section 1983 complaint. Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.") Accordingly, the Court recommends dismissal of the complaint without leave to amend.

### IV.
### ORDER AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable excessive force claim against the unidentified correctional officer at Wasco State Prison. However, Plaintiff has failed to state any other cognizable claims.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's excessive force claim against the unidentified correctional officer at Wasco State Prison; and

2. All other claims and Doe Defendants be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2023**

UNITED STATES MAGISTRATE JUDGE