UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | No. 1:23-cv-00459-JLT-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S FOURTH (AND FINAL) MOTION FOR EXTENSION OF TIME AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth motion for an extension of time and appointment of counsel, filed August 10, 2023.

First, as to Plaintiff's request for appointment of counsel, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Indeed, the Court issued Findings and Recommendations finding that Plaintiff stated a cognizable excessive force claim against an unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to why counsel is necessary. (ECF No. 12.) Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

As to Plaintiff's fourth motion for an extension of time to file objections, because Plaintiff has been given more than ample opportunity to file objections, the Court will grant Plaintiff one last extension to file objections, but no further requests will be entertained absent extraordinary circumstances, not present here.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is denied, without prejudice; and
2. Plaintiff is granted thirty (30) days from the date of service of this order to file objections. No further extensions will be granted.

IT IS SO ORDERED.

Dated:   **August 11, 2023**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE