UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | No.  1:23-cv-00459-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL<br><br>(ECF Nos. 27, 28) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel and motion to compel, filed September 1, 2023.

**I.**

**DISCUSSION**

**A.    Motion for Appointment of Counsel**

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

1

1 section 1915(e)(1).  Rand, 113 F.3d at 1525.

2 Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Indeed, the Court issued Findings and Recommendations finding that Plaintiff stated a cognizable excessive force claim against an unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to why counsel is necessary. (ECF No. 12.)  Accordingly, Plaintiff's second motion for the appointment of counsel is denied, without prejudice.

**B.   Motion to Compel**

Plaintiff seeks an order compelling Defendants to "turn over" medical records.  (ECF No. 28.)

As stated in the Court's March 27, 2023, first informational order, "[a]fter defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions.  No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 3 at 4.)  "Discovery documents inappropriately submitted to the Court may be stricken." (Id.)

Here, a discovery and scheduling order has not yet issued in this case, making Plaintiff's motion to compel responses to his requests premature. Indeed, no Defendant has been ordered served in this case. Accordingly, Plaintiff's motion to compel filed shall be denied as premature.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second motion for appointment of counsel is denied, without prejudice;
2. Plaintiff's motion to compel filed on September 1, 2023 (ECF No. 28) is denied as premature; and
3. Plaintiff's objections to the pending findings and recommendations are due on or before **September 13, 2023**, and no further extensions of time will be granted.

IT IS SO ORDERED.

Dated:   **September 5, 2023**

_____
UNITED STATES MAGISTRATE JUDGE