1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN RANAE GLEEN CANDLER,          No.  1:23-cv-00459-JLT-SAB (PC)

12                  Plaintiff,             ORDER DENYING PLAINTIFF'S THIRD
                                           MOTION FOR APPOINTMENT OF
13          v.                             COUNSEL AND SECOND MOTION TO
                                           COMPEL
14    JOHN & JANE DOES, et al.,
                                           (ECF Nos. 30, 31)
15                  Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

18    to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's third motion for appointment of counsel and

20    second motion to compel his medical records, filed September 7, 2023.

21                                          **I.**

22                                    **DISCUSSION**

23    **A.      Motion for Appointment of Counsel**

24          As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this

25    action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any

26    attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States

27    District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain

28    exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

1   section 1915(e)(1).  Rand, 113 F.3d at 1525.

2   　　　Without a reasonable method of securing and compensating counsel, the court will seek

3   volunteer counsel only in the most serious and exceptional cases.  In determining whether

4   "exceptional circumstances exist, the district court must evaluate both the likelihood of success

5   on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

6   complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

7   　　　In the present case, the Court does not find the required exceptional circumstances.  Even

8   if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

9   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

10   similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to

11   his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the

12   appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most

13   actions require development of further facts during litigation and a pro se litigant will seldom be

14   in a position to investigate easily the facts necessary to support the case.")  The test is whether

15   exception circumstances exist and here, they do not.  Indeed, the Court issued Findings and

16   Recommendations finding that Plaintiff stated a cognizable excessive force claim against an

17   unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to

18   why counsel is necessary.  (ECF No. 12.)  Accordingly, Plaintiff's third motion for the

19   appointment of counsel is denied, without prejudice.

20   　　　**B.**　　　**Motion to Compel**

21   　　　Plaintiff seeks an order compelling the Visalia County Jail and Kaweah Delta Medical

22   Center to "compel" his medical records.  (ECF No. 31.)

23   　　　As stated in the Court's March 27, 2023, first informational order, "[a]fter defendants'

24   answers are filed, the Court will issue an order opening discovery and setting deadlines for

25   completing discovery, amending the pleadings, and filing dispositive motions.  No discovery may

26   be initiated until the Court issues a discovery order or otherwise orders that discovery begin."

27   (ECF No. 3 at 4.)  "Discovery documents inappropriately submitted to the Court may be

28   stricken."  (Id.)

Here, a discovery and scheduling order has not yet issued in this case, making Plaintiff's motion to compel responses to his requests premature.  Indeed, no Defendant has been ordered served in this case.  Accordingly, Plaintiff's second motion to compel filed shall be denied as premature.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third motion for appointment of counsel is denied, without prejudice; and

2. Plaintiff's second motion to compel filed on September 7, 2023 (ECF No. 31) is denied as premature.

IT IS SO ORDERED.

Dated:   **September 8, 2023**

UNITED STATES MAGISTRATE JUDGE