UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER, | No. 1:23-cv-00459-JLT-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S FOURTH AND FIFTH MOTIONS FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL |
| v. | |
| JOHN & JANE DOES, et al., | (ECF Nos. 34, 35) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth and fifth motions for appointment of counsel and motion to compel, filed September 20, 2023 and September 22, 2023.

**I.**

**DISCUSSION**

**A.    Motion for Appointment of Counsel**

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1

1    "exceptional circumstances exist, the district court must evaluate both the likelihood of success

2    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

3    complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

4           In the present case, the Court does not find the required exceptional circumstances.

5    Plaintiff continues to simply argue the merits of his case in seeking appointment of counsel. Even

6    if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations

7    which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with

8    similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to

9    his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the

10   appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most

11   actions require development of further facts during litigation and a pro se litigant will seldom be

12   in a position to investigate easily the facts necessary to support the case.") The test is whether

13   exception circumstances exist and here, they do not. Indeed, the Court issued Findings and

14   Recommendations finding that Plaintiff stated a cognizable excessive force claim against an

15   unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to

16   why counsel is necessary. (ECF No. 12.) Based on a review of the record, the Court finds that

17   the issues are not complex and Plaintiff is able to litigate this action pro se. Accordingly,

18   Plaintiff's fourth and fifth motions for the appointment of counsel are denied, without prejudice.

19                                              **II.**

20                                            **ORDER**

21          Based on the foregoing, it is HEREBY ORDERED that Plaintiff's fourth and fifth

22   motions for appointment of counsel are denied, without prejudice.

23

24   IT IS SO ORDERED.

25   Dated:    **September 25, 2023**          _____

                                              UNITED STATES MAGISTRATE JUDGE
26

27

28

                                                2