UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | No. 1:23-cv-00459-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING A SUBPOENA<br><br>(ECF No. 40) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 16, 2023, the Court ordered that this action proceed on Plaintiff's excessive force claim against the unidentified "John Doe" correctional officer at Wasco State Prison. (ECF No. 37.)

Currently before the Court is Plaintiff's motion requesting a subpoena, filed October 31, 2023. (ECF No. 40.)

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspect of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the

1

1  subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

2  "Parties may obtain discovery regarding any non-privileged matter that is relevant to any

3  party's claim or defense and proportional to the needs of the case, considering the importance of

4  the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

5  information, the parties' resources, the importance of the discovery in resolving the issues, and

6  whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.

7  Civ. P. 26(b)(1). Furthermore, "[i]nformation within this scope of discovery need not be

8  admissible in evidence to be discoverable." Id.

9  The United States Marshals Service ("USM") handles Court requests for service of

10 subpoenas and summons. These requests are burdensome, time-consuming and place significant

11 demands on limited USM resources. Notably, Plaintiff was confined at Wasco State Prison at the

12 time of the alleged incident at issue in the operative complaint and Plaintiff is seeking an incident

13 report from the Visalia County jail. (ECF No. 40.)  Thus, the Court cannot determine the

14 relevance of such documents.  In addition, on October 30, 2023, Plaintiff filed a motion to

15 substitute the named Defendant(s) in this case, identifying J. Ball. Hernandez, and Backer. (ECF

16 No. 39.)  It is not clear from Plaintiff's filing why he needs an incident report from the Visalia

17 County Jail as it appears he has ascertained the identity of the Doe Defendant(s).  Accordingly,

18 Plaintiff's motion for a subpoena is denied.

IT IS SO ORDERED.

Dated:   **November 1, 2023**

UNITED STATES MAGISTRATE JUDGE