UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | No. 1:23-cv-00459-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SIXTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE, AND EXENDING DEADLINE TO SUBSTITUE NAMED DEFENDANT IN PLACE OF DOE DEFENDANT<br><br>(ECF Nos. 38, 47) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's sixth motion for appointment of counsel, filed December 8, 2023.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

  In the present case, the Court does not find the required exceptional circumstances. Plaintiff continues to simply argue the merits of his case in seeking appointment of counsel. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Indeed, this action is proceeding on Plaintiff's excessive claim against an unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to why counsel is necessary. (ECF No. 37.) Based on a review of the record, the Court finds that the issues are not complex and Plaintiff is able to litigate this action pro se. Accordingly, Plaintiff's sixth motion for the appointment of counsel is denied, without prejudice.

  To the extent Plaintiff continues to seek information and/or subpoenas for an attack that allegedly occurred at the Visalia courthouse, Plaintiff is again advised that the Court found that Plaintiff stated a cognizable excessive force claim based on the allegations of the use of excessive force against an unidentified correctional officer at Wasco State Prison. (ECF No. 12.) Plaintiff is not and cannot proceed on a claim for the use of force at the Visalia courthouse in this action. Thus, pursuant to the Court's October 17, 2023, order, Plaintiff should complete and return form AO88B, and file a motion to substitute a named Defendant in place of the Doe Defendant at Wasco State Prison (ECF No. 38.) As stated in the Court's October 17, 2023, Plaintiff is allowed

to subpoena documents for the purpose of identifying the Doe Defendant.  (ECF No. 38.)  However, the Court cannot substitute or direct service on a Defendant unless and until he/she is identified by Plaintiff.  Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's sixth motion for appointment of counsel is denied, without prejudice;
2. Plaintiff has 30 days from the date of service of this order to complete and return form AO88B; and
3. Plaintiff has 90 days from the date of service of this order to file a motion to substitute named Defendant in place of the Doe Defendant; and
4. Failure to comply with this order may result in dismissal of the action.

IT IS SO ORDERED.

Dated:   **December 11, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

3