UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RANAE GLEEN CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN & JANE DOES, et al.,<br><br>Defendants. | No. 1:23-cv-00459-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SEVENTH REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 49) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's seventh request for appointment of counsel, filed December 22, 2023. Plaintiff seeks appointment of counsel under California Penal Code section 1240 and California Rules of Court section 8.155, and attaches a subpoena for the production of documents.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As stated in the Court's December 11, 2023, order denying Plaintiff's sixth request for appointment of counsel,

> In the present case, the Court does not find the required exceptional circumstances. Plaintiff continues to simply argue the merits of his case in seeking appointment of counsel. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Indeed, this action is proceeding on Plaintiff's excessive claim against an unidentified correctional officer at Wasco State Prison and provides no basis whatsoever as to why counsel is necessary. (ECF No. 37.) Based on a review of the record, the Court finds that the issues are not complex and Plaintiff is able to litigate this action pro se. Accordingly, Plaintiff's seventh motion for the appointment of counsel is denied, without prejudice.

(ECF No. 48 at 2.) Here, there has been no change of circumstances in this case since the Court's last order and there is no showing for the appointment of counsel. Plaintiff is advised that he should refrain from filing any further motion for appointment of counsel unless and until he can demonstrate a substantial change of circumstances that would meet the legal standard. With regard to Plaintiff's subpoena, the request is deficient because it is not properly filled out with the necessary information. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. See, e.g., Davis v. Ramen, 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).

///

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's seventh motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**January 2, 2024**__

UNITED STATES MAGISTRATE JUDGE